IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RODNEY A. THORNTON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:22-CV-277-RAH-KFP |
| OCWEN LOAN SERVICING LLC, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Rodney A. Thornton, appearing pro se, initially filed this action in the Circuit Court of Macon County, Alabama, alleging multiple contractual and tort claims against Defendants. Doc. 1-1. Defendants removed the case to this Court. Doc. 1. In a rambling Complaint, Thornton claims Defendants defrauded him by neither providing him real money for his mortgage nor presenting him with original copies of the deed of trust and promissory note before foreclosing his property. Specifically, Thornton contends, "Defendants knowingly participated in fraud, racketeering, and other crimes in a scheme to unlawfully take away [his] property." Doc. 1-1 at 7. Thornton's assertions primarily rest on an invalid theory that United States legal tender is not transferable currency because it is not silver or gold and Defendants employ a fraudulent scheme of claiming to loan individuals legal tender when they in fact provide worthless paper to deprive people of property. Thornton seeks monetary, declaratory, and injunctive relief. *Id.* at 16–17.

Defendants filed a Motion to Dismiss (Doc. 6), to which Thornton submitted a Motion to Dismiss Defendants' Motion to Dismiss (Doc. 7) and a Memorandum in Support (Doc. 11). Defendants filed a response and moved to stay discovery (Doc. 8). The Court granted Defendants' Motion to Stay. Doc. 10. For the following reasons, the undersigned RECOMMENDS Defendants' motion be DENIED and Thornton be DIRECTED to replead his complaint to conform to the Federal Rules of Civil Procedure.

I.      **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Generally, courts read complaints by pro se plaintiffs more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). Yet, courts do not have "license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). All litigants, pro se or not, must comply with the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

Defendants move to dismiss Thornton's case on three grounds. First, Defendants maintain Thornton's Complaint does not provide Defendants adequate notice of Thornton's allegations against them. Second, Defendants assert Thornton premises his claims on sovereign citizen theories that courts have discredited and found meritless. Third, U.S. Bank N.A., in its capacity as Trustee for CSFB ABS Trust Series 2001-HE30, CSFB Mortgage Pass-Through Certificates, Series 2001-HE30, argues Thornton's allegations against it are barred based on res judicata. Doc. 6 at 5–11. Although the undersigned doubts Thornton's claims as currently pleaded, because Thornton's complaint is brought pro se, Defendants' motion is due to be denied, and Thornton should be ordered to replead his allegations against Defendants. Absent proper pleading, the Court cannot adequately assess the merits of Thornton's action or Defendants' arguments to dismiss.

A complaint is a shotgun pleading when it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). The Eleventh Circuit has identified four types of shotgun pleadings of which two are relevant here. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). First, the Eleventh Circuit has branded as a shotgun pleading "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."

*Id.* at 1321 (citing *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014)). Second, the court has recognized a shotgun pleading where the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997)).

The Eleventh Circuit has "roundly condemned" shotgun pleadings "both for the confusion they cause litigants and the havoc they wreak on the docket." *Id.* Nevertheless, the Eleventh Circuit has counseled that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted). A district court has a "supervisory obligation" to order a party to provide a more definite statement "to adequately link a cause of action to its factual predicates." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006)). Courts in the Eleventh Circuit routinely permit pro se litigants to refile a corrected pleading to assert a cause of action rather than dismissing a case for improper pleading. *See, e.g.*, *Johnson v. Georgia*, 661 F. App'x 578, 580 (11th Cir. 2016); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 92–93 (11th Cir. 2009).

Here, Thornton's Complaint is a shotgun pleading. Thornton offers rambling factual allegations couched in irrelevant postulations of history and law not directly connected to any cause of action. Moreover, Thonton's Complaint incorporates every paragraph of the pleading in each cause of action. Neither Defendants nor the Court can decipher Thornton's

4

causes of action or legal theories sufficiently to respond to or adjudicate them. Rather than dismiss Thornton's Complaint, according to Eleventh Circuit precedent, the Court should direct Thornton to replead his allegations consistent with Federal Rules of Civil Procedure 8, 9, and 10.

While the Court may not act as Thornton's counsel, it cautions Thornton that failure to abide by the Federal Rules of Civil Procedure in revising his pleading may result in its dismissal. In amending his Complaint, Thornton should be careful not to incorporate every allegation in each cause of action, and he should strike irrelevant theories of history and law and specify the facts that support each claim for relief. Thornton is advised that Federal Rule of Civil Procedure 9(b) requires allegations of fraud to be pleaded "with particularity [as to] the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS:

1. Alabama's Motion to Dismiss (Doc. 6) be DENIED.
2. Thornton's Motion to Dismiss (Doc. 7) be DENIED as moot.
3. Thornton be DIRECTED to file an amended complaint conforming to the Federal Rules of Civil Procedure.

Further, it is ORDERED that by **October 19, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE