IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONDEY A. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:22-CV-277-RAH-KFP |
| | ) |
| OCWEN LOAN SERVICING LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss (Doc. 19) filed on behalf of Defendants Ocwen Loan Serving LLC and U.S. Bank N.A. Upon consideration of the motion, Plaintiff's responses (Docs. 24 and 25), Defendants' reply (Doc. 26), and applicable case law, the Magistrate Judge RECOMMENDS that the motion be GRANTED.

**I.   INTRODUCTION**

Plaintiff Rondey A. Thornton, appearing pro se, initially filed this action in the Circuit Court of Macon County, Alabama, following U.S. Bank's foreclosure of his property in Tuskegee, Alabama. Ocwen was the servicer for the loan. At the foreclosure sale, U.S. Bank purchased the property and then filed an ejectment action in the Circuit Court of Macon County. The bank obtained a default judgment against Thornton in October 2018, and three and a half years later Thornton file a complaint in Macon County Circuit Court against Ocwen, U.S. Bank, Bay National Title Co., Daniel Hill Jr., Amerisave Mortgage Corporation, and CR 2018 LLC.

Ocwen and U.S. Bank removed the case to federal court and filed a Motion to Dismiss (Doc. 7). Rather than dismiss the case, the Court gave Thornton an opportunity to amend the Complaint. *See* Docs. 16, 18. After the Amended Complaint (Doc. 17-1) was filed, Ocwen and U.S. Bank filed the pending Motion to Dismiss (Doc. 19).[1]

## II.  SUBJECT MATTER JURISDICTION

Ocwen and U.S. Bank removed this case under 28 U.S.C. § 1332, which gives this Court original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states or citizens of a state and a foreign state. *See* 28 U.S.C. § 1332(a). Thornton's original Complaint sought $100,000 in compensatory damages plus punitive damages, among other relief (Doc. 1-1 ¶ 91), so the amount-in-controversy requirement is satisfied. The Notice of Removal establishes that Thornton is a citizen of Alabama (Doc. 1 ¶ 7, Doc. 1-1 ¶ 8), U.S. Bank is a citizen of Ohio (Doc. 1 ¶ 8), and Ocwen is a citizen of the U.S. Virgin Islands (Doc. 1 ¶ 9). Therefore, complete diversity exists between Thornton and the removing Defendants.

However, there are four additional defendants the Court must consider. Although Amerisave Mortgage Corporation, CR 1018 LLC, Bay National Title Company, and

---

[1] The Motion to Dismiss was filed on behalf of Ocwen and U.S. Bank. However, the only Defendant identified in the caption or body of the Amended Complaint is Ocwen. Plaintiff mentions "REMAX" in passing but only as part of a description of how Ocwen does "not have a valid claim on the property in question." Doc. 17-1 at 1. Thus, when the Amended Complaint was filed, all Defendants except Ocwen were terminated. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (recognizing that under Alabama and federal law an amended complaint supersedes the initial complaint and becomes the operative pleading in the case); *see also Wooden v. Andino*, No. 22-12716, 2023 WL 2854720, at *2 (11th Cir. Apr. 10, 2023) (noting that claims against defendant who was dropped from amended complaint were not addressed in district court's order of dismissal); *Chambers v. Pounds*, No. 21-11264, 2023 WL 2232062, at *3 (11th Cir. Feb. 27, 2023) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.") (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2016).

Daniel Hill have never responded to Thornton's Complaint, they had been served at the time of removal. Doc. 1-2 at 4–6. Under 28 U.S.C. § 1446, "all defendants who have been properly joined and served must join in or consent to the removal of the action."

The removing Defendants did not obtain the consent of any of the four non-removing Defendants, and they argue consent was not required because these Defendants were fraudulently joined. *See Restivo v. Bank of Am. Corp.,* 618 F. App'x. 537, 540 n.5 (11th Cir. July 8, 2015) (recognizing fraudulently joined defendant need not consent to removal). Specifically, they contend the Complaint "alleges no recognizable facts pertaining to these entities that could possibly give rise to a legally viable claim, and these entities have no known or apparent role in the subject mortgage or foreclosure that could give rise to any claims." Doc. 1 at 4. A district court must assess the basis for federal subject matter jurisdiction as it exists at the time of removal. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008). Thus, in order to determine whether diversity jurisdiction existed at the time of removal, the Court must determine whether the non-removing Defendants were properly joined in the Original Complaint.

A.   **Bay National Title Company, CR 2018 LLC, and Daniel Hill**

With respect to Bay National Mortgage Company, CR 2018 LLC, and Daniel Hill, it is clear the Complaint provides no basis for recovery against these Defendants. Bay National Title Company is listed in the case caption (Doc. 1-1 at 1), and all three Defendants are listed in a preliminary paragraph identifying the names of the Defendants in the case (Doc. 1-1 at 2). However, the remainder of the Complaint contains no allegations of conduct—wrongful or otherwise—by any of these Defendants. Therefore,

3

based on the factual allegations as set forth in the Complaint, there can be no possible claim against these Defendants. *See, e.g., Hare v. Allstate Prop. & Cas. Ins. Co.*, No. 1:20-CV-209-JB-C, 2020 WL 5647488, at *3 (S.D. Ala. Sept. 22, 2020) ("Where a plaintiff fails to satisfy an essential element of her prima facie case, there can be no possible claim against that defendant and a finding of fraudulent joinder is appropriate.") (citing *Clemmons v. Twin City Fire Ins. Co.*, No. 7:13-CV-01341-LSC, 2013 WL 12156033, at *3 (N.D. Ala. Dec. 3, 2013) (stating party is fraudulently joined when plaintiff cannot possibly assert cause of action against them)); *see also Cataudella v. Sam's E., Inc.*, No. 2:21-CV-77-JLB-MRM, 2021 WL 1661015, at *1 (M.D. Fla. Apr. 28, 2021) (holding "conclusory claim against a store manager that alleges an invalid legal theory of 'vicarious liability' and no supporting facts that arguably could suggest an unpleaded claim for personal fault, does not give rise to the 'possibility' of a 'colorable claim sufficient to avoid application of the fraudulent joinder doctrine") (citation omitted); *Brooks v. Mortg. Invs. Corp.*, No. 13-CV-1566-WDQ, 2014 WL 105477, at *3 (D. Md. Jan. 8, 2014) (dismissing trustee of deed of trust on basis of fraudulent joinder because court could not "discern [any] factual allegations of wrongdoing by the trustee"); *Dempsey v. Transouth Mort. Corp.*, 88 F. Supp. 2d 482, 484–85 (W.D.N.C. 1999) (dismissing substitute trustee as defendant under fraudulent joinder and nominal party principles because complaint contained no factual allegations against trustee beyond citizenship).

Accordingly, because the Complaint contains no factual allegations of wrongdoing by Bay National Mortgage Company, CR 2018 LLC, and Daniel Hill, the Court finds they were fraudulently joined in the Complaint, and their consent was not required for removal.

### B. Amerisave Mortgage Corporation

With respect to the fourth non-removing defendant, while Amerisave Mortgage Corporation is mentioned in the body of the Amended Complaint, the factual allegations against it are vague, illogical, and conclusory. Thus, they are insufficient to state a colorable claim. As discussed in the Court's previous Recommendation (Doc. 16), Thornton bases his purported claims on sovereign citizen theories to which the Court gives no credence. In doing so and in his attempt to state the facts of the case, Thornton lumps Amerisave, Ocwen, and U.S. Bank together as joint actors with no distinction as to the individual conduct of each Defendant. However, the parties' filings and attached exhibits show that Amerisave had no involvement in the proceedings made the basis of this action.[2]

---

[2] When a court deciding a motion to dismiss considers documents beyond the complaint, the motion is typically converted to one for summary judgment. *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984). However, under the incorporation-by-reference doctrine, a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if (1) the plaintiff refers to the document in the complaint, (2) the document is "central to the plaintiff's claim," and (3) the document's contents are undisputed. *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) and *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). Evidence is "undisputed" in this context if its authenticity is unchallenged. *Horsley*, 304 F.3d at 1134. Thornton admits that he signed the mortgage attached to the Motion to Dismiss, and his Complaint quotes a majority of the foreclosure deed attached to the motion. As his lawsuit is based entirely on these two documents, they are central to his claims. Additionally, although Thornton may dispute the rights afforded under these two documents, he has not disputed the authenticity of their contents.

The conversion rule also does not apply if a court takes judicial notice of documents. *Baker*, 67 F.4th at 1276 (citations omitted); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (recognizing that public records are among the permissible facts a district court can consider when considering a motion to dismiss) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (holding that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice . . . of relevant public documents required to be filed with the SEC")). Here, the Court takes judicial notice of the mortgage and foreclosure deed, in addition to the complaint and order filed in U.S. Bank's ejection action in the Circuit Court of Macon County, Alabama, Case No. 46-CV-2018-900129, all of which are public documents attached to the Motion to Dismiss, and the Court has considered these documents in making this Recommendation.

For example, the Complaint states that in August 2001 Thornton "contracted with Bank Ocwen Loan Serving LLC; U.S. Bank N.A.; Amerisave Mortgage Corporation; et al. for a loan of money in the amount of [$44,353.35] . . . ." Doc. 1-1 ¶ 10. The mortgage, however, reflects that North American Mortgage Company was the sole lender on the mortgage; Amerisave's name appears nowhere on the document. *See* Doc. 19-1. The foreclosure deed dated August 2018 shows that North American Mortgage Company's original mortgage was assigned to U.S. Bank, which later foreclosed on the property and became the highest bidder at the foreclosure sale. *See* Doc. 19-2. It lists Ocwen as the loan servicer, but it contains no reference to Amerisave. *Id*. Likewise, the ejectment complaint filed in Macon County shows that U.S. Bank was the only plaintiff in that action, and there is again no evidence of any involvement by Amerisave. *See* Doc. 19-3.

For a removing defendant arguing fraudulent joinder, the burden is heavy because factual allegations in the complaint must be viewed in the light most favorable to the plaintiff. *SFM Holdings, Ltd. v. Fisher*, 465 F. App'x. 820, 821 (11th Cir. 2012) (quoting *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). However, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (citation omitted). Allowing the facts presented by the mortgage, foreclosure deed, and ejectment action documents to govern, Amerisave had no role in any of the proceedings described in the original Complaint. Therefore, there is simply no basis to find that Thornton has an arguable claim against Amerisave based on

6

the Complaint he filed.[3] As a result, the consent of Amerisave, a fraudulently joined party, was not required to effectuate removal, and the Court has diversity jurisdiction over this matter.

### III.   LEGAL STANDARD FOR PENDING MOTION TO DISMISS

The Court now turns to Thornton's Amended Complaint and the pending Motion to Dismiss. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

---

[3] Post-removal filings are not to be considered when judging diversity jurisdiction at the time of removal. *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302, 1306 n. 1 (11th Cir. 2001) ("For purposes of considering the specific jurisdictional question before us, we consider only the original complaint, however, because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal.")). However, the Court notes that Thornton failed to respond to Defendants' fraudulent joinder argument and never attempted to show that Amerisave played any role in Thornton's mortgage or foreclosing proceedings. *See* Docs. 7, 11. In his Amended Complaint, Thornton dropped all Defendants except Ocwen. *See* Doc. 17.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

Finally, when considering a pro se litigant's allegations, a court holds him to a more lenient standard than those of an attorney. *Barnett v. Lightner*, No. 13-CV-0482-CG-C, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). A court also cannot rewrite a pro se litigant's deficient pleading to sustain an action. *Id.* (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal,* 556 U.S. 662)). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal,* 566 U.S. at 681). Moreover, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989)).

## IV.  DISCUSSION

Ocwen argues the Amended Complaint fails to state a claim on which relief can be granted because, like the original Complaint, it is a shotgun pleading with claims that are legally incognizable.[4] The Court agrees.

First, the Amended Complaint fails to satisfy Rule 8(a)(2) or Rule 10(b) described above and, despite the Court's earlier warning, is still a "shotgun" pleading. The Eleventh Circuit described a "shotgun pleading" as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being **replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action**. The third type of shotgun pleading is one that commits the sin of **not separating into a different count each cause of action or claim for relief**. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (emphasis added). Plaintiff's Complaint meets the second and third criteria above. It is a

---

[4] The motion also contends the claims against U.S. Bank are barred by res judicata; however, because the Amended Complaint failed to identify U.S. Bank as a defendant or assert any claims against it, the Court will not address that argument.

rambling narrative of vague and incomprehensible allegations with conclusory statements, immaterial statutory citations, and what appears to be a request for production of documents. It also fails to separate the purported claims or causes of actions into identifiable counts. Thus, despite the Court's previous instructions, Thornton's Amended Complaint fails to remedy the shotgun pleading deficiencies.

Additionally, based on the Court's liberal construction of the Complaint, Thornton appears to assert that the foreclosure on his real property was invalid because Ocwen, as servicer of the mortgage on his property, never produced his original loan documents.[5] He states that Ocwen sold and assigned its entire interest in the mortgage and note under a transfer and servicing agreement to "Company/Mortgage Receivables Corporation II," which then immediately transferred and assigned its entire interest to "Company Mortgage receivables 2009-A owner Trust." He contends that, by the "[s]ecuritization an[d] sale of these receivables, the enforceability of the original receivable is lost." Doc. 17-1 at 3.

Although Thornton disavows the characterization of this argument as a sovereign citizen claim, he appears to do so only because he questions how someone can be "sovereign" and a "citizen" at the same time. Doc. 17 ¶ 4. Regardless of Thornton's characterization of his Amended Complaint, it is clear that his claims—whatever they may be—are based on the sovereign citizen theories identified in the Defendants' first Motion to Dismiss. Doc. 6 at 7–9. For example, he states that "for law purposes" he is "[an] 'American Indian Moor' (Not associated with any Moorish organizations) who is the

---

[5] Although Plaintiff correctly identifies Ocwen as the *servicer* of his mortgage loan, he also identifies Ocwen as the party that wrongfully foreclosed on his property.

offspring of the Ancient Egyptian Coptic Priestess hood, who are the children of the Ancient Typhonians - The Monster; the Daemon, the Devil, Satan, the Monstrous Soul - Red Chief." Doc. 17 ¶ 4. The Amended Complaint also contains inapplicable and inaccurate citations to the Uniform Commercial Code, Alabama Commercial Code, U.S. Tax Code, "National Bank Act – June 3rd 1864," and the Alabama Code of Evidence. *See United States v. Perkins*, No. 1:10-CR-97-1-JEC-LTW, 2013 WL 3820716, at *1–2 (N.D. Ga. July 23, 2013), *aff'd,* 787 F.3d 1329 (11th Cir. 2015) (noting sovereign citizens often file "lots of rambling, verbose" pleadings that "rely heavily on the Uniform Commercial Code").

Finally, as in his original Complaint, Thornton asserts a common sovereign citizen theory that Ocwen cannot have a valid claim on his property without producing the original "retail sales contract" evidencing his agreement to obtain a loan for the property. Doc. 17-1 at 2–7. As Ocwen noted, this "show me the note" theory has been rejected by the courts. *See, e.g.*, *Farkas v. SunTrust Mortg., Inc.*, 447 F. App'x 972, 973 (11th Cir. 2011); *Summerlin v. Shellpoint Mortg. Servs.*, 165 F. Supp. 3d 1099, 1111 (N.D. Ala. 2016); *Graham v. Wells Fargo Bank, N.A.*, No. 1:16-CV-494-WKW-GMB, 2016 WL 7013533, at *2 (M.D. Ala. Nov. 1, 2016), *report and recommendation adopted,* No. 1:16-CV-494-WKW, 2016 WL 6988498 (M.D. Ala. Nov. 28, 2016), *aff'd,* 716 F. App'x 831 (11th Cir. 2017); *Hunter v. Trustmark Nat'l Bank*, No. 2:15-CV-921-WKW, 2016 WL 1051291, at *2 (M.D. Ala. Feb. 18, 2016), *report and recommendation adopted,* No. 2:15-CV-921-WKW, 2016 WL 1048066 (M.D. Ala. Mar. 16, 2016). In fact, courts consistently reject the "outlandish legal theories" of sovereign citizens. *United States v. Sterling*, 738 F.3d

228, 233 n.1 (11th Cir. 2013) (recognizing that courts routinely reject sovereign citizen legal theories as "frivolous"); *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (discussing sovereign citizen arguments as having no validity in country's legal system and recommending they be "rejected summarily, however they are presented"); *Lawrence v. Holt*, No. 518-CV-639-AKK-JHE, 2019 WL 1999783, at *2 (N.D. Ala. Apr. 12, 2019), *report and recommendation adopted,* No. 5-18-CV-639-AKK-JHE, 2019 WL 1989607 (N.D. Ala. May 6, 2019) (noting Eleventh Circuit has repeatedly rejected sovereign citizen legal theories as frivolous); *Young v. PNC Bank, N.A.*, No. 3:16-CV-298-RV-EMT, 2018 WL 1251920 (N.D. Fla. Mar. 12, 2018) (stating that "[s]o-called sovereign citizens believe that as 'natural humans' (or sovereigns) they are 'not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, *extinguish debts*, and derail criminal proceedings'") (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (emphasis added); *Roach v. Arrisi*, No. 8:15-CV-2547-T-33-AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (recognizing that sovereign citizen theories have been consistently rejected by courts and describing them as "utterly frivolous," "patently ludicrous," and a waste of the court's time "being paid for by hard-earned tax dollars") (citation omitted).

      The Court previously allowed Thornton an opportunity to amend his Complaint and provided instructions on how to comply with the Federal Rules of Civil Procedure. Thornton disregarded the Court's instructions and filed an Amended Complaint that is no better than the first. His shotgun pleading is frivolous, "patently ludicrous," a waste of

judicial resources, and, even under the most liberal construction, wholly devoid of an arguable claim against the Defendant.

## V.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Ocwen's Motion to Dismiss (Doc. 19) be GRANTED and that this case be dismissed with prejudice.

Further, it is ORDERED that by **June 29, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

DONE this 15th day of June, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE